IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIRK ABBAS,

                    Plaintiff,

            v.

CAROLYN COLVIN, Commissioner of
Social Security,

                    Defendant.

_____

Case No. 6:11-cv-6200-SU

**REVISED
FINDINGS AND
RECOMMENDATION**

SULLIVAN, Magistrate Judge.

        This case comes before the Court on an unopposed motion for attorney fees under 42

U.S.C. § 406(b) in the amount of $9,203.45, with the stipulation that counsel should be awarded

$2,110.97, which equals the amount requested less the $7,092.48 in EAJA fees previously

awarded in this case.  Having reviewed the proceedings and the amount of fees sought, the Court

concludes that Plaintiff's attorney is entitled to the fees requested. The motion (#26) should be

GRANTED.

<b>BACKGROUND</b>

        On June 15, 2011, plaintiff filed a Complaint (#2) in this court seeking judicial review of

a final decision of the Commissioner of the Social Security Commission denying his applications

for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under

Titles II and XVI of the Social Security Act, as amended ("the Act").  After an administrative

hearing, the Commissioner found plaintiff not disabled in a decision dated July 30, 2010. That decision became final when the Appeals Council denied plaintiff's subsequent request for review on April 11, 2011.

Upon review of the ALJ's decision, the court recommended (#19) that the case be reversed and remanded because the ALJ failed to account for all of the claimant's limitations in the RFC. On September 19, 2012, Judge Anna Brown adopted (#21) the recommendation and entered judgment (#22) of remand. On October 30, 2012, the Court granted a stipulated application for plaintiff's attorney fees pursuant to EAJA, in the amount of $7,092.48. Finally, on May 19, 2014, Plaintiff's attorney filed this unopposed motion for attorney's fees under 42 U.S.C. § 406(b).

## DISCUSSION

Under 42 U.S.C. § 406(b), a court entering judgment in favor of an SSD claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). Also, in contrast to fees awarded under fee-shifting statutes, under which "nothing prevents the attorney for the prevailing party from gaining additional fees, pursuant to contract, from his own client," id. at 806, the court-awarded fee is the only way a successful SSDI attorney may recover fees for work performed before the district court. *Crawford*, 586 F.3d at 1147. In fact, it is a criminal offense for an attorney to collect fees in excess of those allowed by the court. *Id.;* 42 U.S.C. § 406(b)(2);

*see also Gisbrecht*, 535 U.S. at 806–07.  Accordingly, when a court approves both an EAJA fee and a section 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments.  *Gisbrecht*, 535 U.S. at 796.

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingency fee agreement to determine whether it is within the statutory twenty-five percent cap.  In this case, counsel has submitted the relevant agreement (Ex. C), which shows federal court appearance, followed by a favorable outcome, will result in a fee "equal to the lesser of 25% of any past-due benefits resulting from my claim . . . or . . . [s]uch amount as my attorneys are able to obtain pursuant to the Equal Access to Justice Act."  Thus, the terms of the agreement are within the statute's limits.

The next step is to confirm that the fee requested by counsel does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to the claimant.  Counsel has included the Notice of Award from the Society Security Administration (Ex. 5), and indicates that amount to be $37,523.78.  The $9,203.45 fee requested is less than 25 percent of the retroactive benefits awarded, and is therefore within the statutory limit.

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award.  *Newton v. Colvin*, 2013 WL 3119564 (D. Or. June 18, 2013).  Counsel bears the burden to establish the reasonableness of the requested fee.  *Gisbrecht*, 535 U.S. at 807.  While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected.  *Id.* at 793, 807.  The court must ensure a disabled claimant is protected from surrendering retroactive

disability benefits in a disproportionate payment to counsel.  *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808).  The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit as derived from the Court's analysis in *Gisbrecht*:

> 1. the character of the representation, specifically, whether the representation was substandard;
> 2. the results the representative achieved;
> 3. any delay attributable to the attorney seeking the fee; and
> 4. whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall.

*Crawford*, 586 F.3d at 1151–53 (citations omitted).  The Ninth Circuit, in *Crawford*, also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a section 406(b) award.  It focused the risk inquiry, however, stating that: "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case."  586 F.3d at 1153.  The record in this case provides no basis for a reduction in fee due to the character of counsel's representation, and the results achieved – remand and award of benefits to the claimant – are positive and can only be described as successful.

Per Local Rule 4000-8 in the District of Oregon, "Plaintiff shall submit any application for attorneys' fees under 42 U.S.C. § 406(b) within 60 days after plaintiff's federal court attorney has received all of the Notices of Award which are necessary to calculate the total amount of retroactive benefits payable."  Here, plaintiff's attorney received the Notice of Award on January 7, 2014; however, upon receiving the Notice, counsel found that the Agency had not withheld the full amount of benefits due to plaintiff.  After notifying the Agency of the error, the Agency corrected their prior notice (#29).  Counsel proceeded to make additional inquiries with the

Agency regarding plaintiff's Title II benefits, and did not receive the requested information until May, 2014.  Counsel's May 19, 2014 filing date was thus timely and appropriate.

A district court may reduce a section 406(b) award if "benefits ... are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U .S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order." *Gisbrecht*, 535 U.S. at 808. Here, the claimant was granted a substantial award of past-due benefits as a result of counsel's work.  Counsel has submitted a timesheet representing 44.85 hours spent working on Plaintiff's case (Ex. A). Counsel has requested a fee of $9,203.48, which would result in an effective hourly rate of $205.21 per hour, which is well below hourly rates regularly approved by the court.  The amount is proportional and reasonable for the benefits ultimately awarded.

### RECOMMENDATION

Based on the foregoing analysis, the Motion for Attorney Fees (#26) should be GRANTED.  Counsel should be awarded $2,110.97, less any applicable fees, under section 406(b).  These Findings and Recommendation will be referred to a district judge.  Objections, if any, are due by July 7, 2014.  If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. See Fed. R. Civ. P. 72, 6.  Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 18th  day of June, 2014.


 /s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge